You may begin whenever you're ready. May it please the court, counsel, my name is Nathan Leonardo and I represent Karl Modderman, the appellant in this case. Mr. Modderman was sentenced to 10 years in prison to be followed by lifetime supervised release. He didn't realize at the time, but the judge had imposed several special conditions of his supervised release that he wasn't aware of, which since has been interpreted as a petition, a 2255 petition. I don't think at the time he realized that that's what it was. I don't think the court, the district court, even necessarily interpreted it that way. But I think this Court certainly has, it granted a certificate of appealability with regard to Mr. Modderman's challenge of his supervised release conditions and treated it as an appeal from the denial of a 2255 petition. Should we treat it that same way procedurally? It has, I mean, I'm assuming for the sake of this, I'm speaking only for myself, that there are some problems with these conditions of supervised release. And your client obviously wants those fixed. But if this is processed as a 2255, it will, of course, affect any future opportunity if other issues come up later. So what should we do procedurally? Right. And I think the court identified an important issue that this, if it is treated as a 2255, it would bar Mr. Modderman from presenting any further claims to the court. And I think there are clearly other claims like ineffective assistance of counsel that he would like to present and that have come forth during the process. So I think that because the, I think that it is the only fair way to construe this as a 2255 petition. And because the Castro procedures were not followed and because Mr. Modderman was pro se petitioner when he filed this motion to correct clerical error, I think it would be reasonable to remand to the district court for the purpose of the Castro procedures and the warnings to allow Mr. Modderman to fully present all his claims to the district court. Because clearly they, this whole thing involves at its center notice and whether or not he had notice of these conditions. And a lot of that involves his attorney. Can I ask you this? Would it, let's say that we sent it back to the district court, for the district court to provide the Castro admonishments or advisements. Would you also want us to say that, assuming your client after receiving those advisements still elects to have this treated as a 2255, that it would be an abusive discretion for the district court not to so treat it? Would he, would he want the district court to be reviewed for an abusive discretion? I mean, the more efficient way to do this, I suppose, would be for you to stand here and tell us, you know what, I told my client about the Castro advisements and he still wants you, the Ninth Circuit, to now treat this as a 2255 appeal and we could just reach the merits and be done with it. Right. I think what you're contemplating and what I'm contemplating, frankly, is that we would send it back to the district court. I think the court can address this two different ways. The court, I think, without sending it back, could address the merits of all of these, the three conditions, including the uncertified condition, and particularly two of them that are not standard or at least listed in the sentencing guidelines, but then I think the court faces the possibility of later on down the road, Mr. Monerman filing another 2255 petition alleging ineffective assistance of counsel, which he hasn't really raised fairly, at least in front of the district court at this point, but, and that's, of course, if he loses on the merits here, he would, he would, he would probably bring that up later. So either way. Well, let me, I'm not sure I'm following you because would his ineffective assistance claim relate to the fact that the lawyer didn't challenge these conditions or is there something else completely separate that he might wish to raise? No, it would certainly relate to the fact that he didn't challenge, the lawyer didn't object to these conditions. Well, if it's only about these conditions, then I don't see the point of sending it back. Well, it would also relate to the conversations that he had with his lawyer and whether his lawyer actually went over these conditions in the past. But it's all about these conditions. Yes, it is. But there was no, you know, typically on a 2255 proceeding an additional record can be developed as to whether or not there was a conversation about the conditions and Mr. Monerman. But your argument is that they're facially overbroad and vague. That is true. Which has nothing to do with conversations. Yes, I guess it goes more towards the standard of review. I guess I don't understand what the point would be of sending it back if that's really the posture of it. Well, it would just change, I think, the standard of review that the court looks at these conditions. Well, I guess I have to be honest. I assume that the only way you could get, your client could get review now of the legality of these conditions is by way of an ineffective assistance claim because otherwise the claims have been procedurally defaulted. They might even be barred by the appeal waiver and collateral attack waiver in the plea agreement. Yes, well, and that's another way to look at it. I mean, there's case law talking about the fact that a waiver of appeal doesn't, you know, waive illegal sentence or illegal supervised release conditions. I mean, the only cause that could exist here for the procedural default, which is that they weren't challenged on direct appeal, which they could have been, is that the lawyer was ineffective. So it seems to me that you're going to have to go through that route regardless. And I can see that. But I guess I'm just still waiting for an answer to my question. Do you want us to tell, if we were to send it back, and we did not go the route that Judge Graber is suggesting, we sent it back for the district court to give the cash for advisements, would you want us to also then say, and assuming that your client then elects to go forward with this as a 2255, that the district court essentially must allow him to do that? I believe so, yes. He filed his, what was construed as a 2255 within the time limits. And, you know, the challenge to the conditions, I think would, the only additional claim that he would make would be the ineffective assistance of counsel and the fact that these weren't objected to and he had no notice of these conditions. You know, I think there are probably ways to, you know, I think the court could consider the conditions without going through the ineffective assistance of counsel claim just because there was no notice. He had no, basically, he had no opportunity to object and he didn't know until after the time for filing a notice of appeal had passed. But again, I guess that relates back to the ineffective assistance as well. Well, maybe just in the limited time you've got left, maybe you want to address the merits then, in case we do reach there? So, all of these conditions are basically, I mean, we've got condition number 18, which is the dating and relationship condition that requires prior approval from probation before he can have any kind of relationship. That's already been found by this court to be overly broad and vague. And clearly, and I think the government even concedes that that should be remanded and changed. The curfew condition is, you know, I think affects a fundamental right. He's basically on supervised release for life and this essentially amounts to house arrest for the rest of his life for a certain period of time every day. There's no rational relationship between this condition and his rehabilitation or protection of the public. He's completely... Well, there might be. The court didn't discuss it enough for us to know what the thought process was. Yeah. And the court, not only did the court not orally pronounce these special conditions when sentencing the defendant, but he didn't give any kind of reasoning as to why these conditions were necessary. Or, you know, in this case, or what his goal with regard to these conditions was. So we're left to guess, but I see nothing in the record that would support this condition as helpful in any way. It's certainly not narrowly tailored and it's not, you know, there's not a lot of case law on it, but basically he's convicted of viewing files on a computer, not any kind of hands-on crime. And that can be done at any time. I thought that in his background, there was some exposure issues also. I may be misremembering that. I don't recall seeing that, but there may be. I may be misremembering that. It's a fairly lengthy pre-sentence report with a sexual evaluation, but... But if the district judge had explained the reasons for any or all of these conditions and there was a rational basis or a rational relationship to sentencing goals, it would be a lot easier for us just to say, fine, or not. That's correct. We don't have an explanation for any of them, right? That's right. And the only case that really addresses a curfew condition like this that I'm aware of is the Azalotti case, and that was from the Eighth Circuit, I believe, in 2010. That case, they upheld the curfew condition, but it was much different than this case. That defendant had a long criminal history of thefts, burglaries, assaults, things, crimes that were committed while on supervised release. Mr. Moderman, in contrast, has one prior conviction for the same thing, viewing child pornography. He successfully completed his supervised release, and so he's demonstrated the ability to comply with conditions. And there's no, basically in Azalotti, I think there was a need for more strict conditions because he had already demonstrated that he couldn't comply with conditions. Thank you, counsel. You've exceeded your time, but we'll give you a minute for rebuttal. Again, we spend a lot of your time with questions. Good morning, Your Honors. May it please the Court, counsel. I'm Angela Woolridge, appearing on behalf of the United States. Your Honors, it is our position that this Court should vacate the order characterizing this appeal. Sorry. Did you say should or should not? Should vacate the order, correct. In response to this Court's June 17th, 2005, I'm sorry, 2015 order, it is our position that the appellate commissioner order recharacterizing this appeal should be vacated. The appellate commissioner did not have the authority to recharacterize the Rule 36 petition as a 2255 petition. The defendant did not explicitly ask for such treatment. The rule giving you the authority to recharacterize the Rule 36 petition as a 2255 petition, the defendant did not explicitly ask for such treatment. I think he did, actually, in his opening brief, in that first appeal that's now been administratively closed, he explicitly said, please treat this as a 2255 if that's the only route I've got to get review. And I think that's what prompted our appellate commissioner to say, oh, okay, well, yeah, if that's what you want, we'll go ahead and grant that. Correct. And that is correct, Your Honor. I'm sorry. By saying it that way, I meant to – referring to the procedures in front of the district court. He did not ask for treatment under 2255. It wasn't – That, too, is not correct. In that very first motion, he told the district court, look, I'm pro se. I think Rule 36 is the right vehicle, but if I'm wrong, please treat it in the way that is necessary in order for me to get review. I think he said that explicitly in the motion. That is correct, Your Honor. He did say that explicitly. But with regard to a 2255, the court did not address it that – under those standards. It did not give the advisal to the defendant about his Rule 2255. So the defendant never had an opportunity to make that decision, never had the opportunity to argue it under the standards of a 2255 motion. The government didn't have an opportunity to reply under those standards, and the court didn't rule under the 2255 standards. So what do you think we should do now? Well, Your Honor, there are – and let me divide it into the three conditions, because I think that they all – the three conditions that are the subject of this posture. With regard to condition number 18, we do concede that that condition is vague. We don't believe that it's inappropriate. However, we do believe that remand to the district court would be appropriate, as we mentioned in our – in our answering brief, so that the court can further tailor this condition to the particularities of this defendant in this offense, in this particular case. However, with regard to special condition 13, this court did not issue a certificate of appealability. We don't believe that it should be covered. Well, I have – speaking again only for myself – some concerns about 13. In particular, the way that it's written, read literally, he has to be wearing clothing in his home, so how's he going to, like, take a shower, okay? Seriously, I mean, it's absurd, but if you read it literally, he has to maintain at all times, at all times, wear undergarments, inappropriate outer clothing in the home. And, Your Honor, I certainly don't mean to treat it lightly. And Your Honor is correct. I mean, there are certain things about the wording, exact wording of that condition that would probably result in some physical impossibilities, but – Well, I don't know that it's physically impossible, but it's certainly over – It's a great, great degree of difficulty. So it's either overbroad or vague. And if it's overbroad or vague, why don't we remand that along with number 18 for the same reasons, other than the fact that it wasn't certified originally? And, Your Honor, if this Court does find that it's overbroad or vague, then that would be the appropriate mechanism to treat it. Well, of course. However, it's our position that the additional language and the fact that here we have a defendant that's working with a probation officer that I don't think there's reason to believe would make him wear undergarments in the shower. But certainly – So if that were true, then you could have any sort of vague, overbroad condition and just leave it up to the goodwill and good sense of the probation office? Is that our rule? Or don't we have to have a condition that a person can read and understand and that is constitutionally permissible on its face? Well, certainly the latter, Your Honor. And I don't believe in reading this condition that the probation – that any probation officer would – or any district court would enforce it as requiring those difficult situations. Well, if that's true, then what's your objection to having it clarified so that it makes sense and is not overbroad or vague? Your Honor, our only objection would be that it was not encompassed by this appeal by not being part of the statute of repealability. Well, we have the discretion to certify it at this time if we wish to. And certainly. And if this Court wishes to do so, then we would agree that the appropriate procedure would be remand for clarification under that regard. And similarly with Special Condition 12, again, it's our position that that condition is not overly broad or vague. The curfew condition is a condition that has found to be not impermissible, not to significantly impinge on a significant liberty interest. And therefore, it's a condition that has previously been found to be a constitutional condition. Do you have cases where a curfew for life have been approved by courts? I mean, curfews, yeah, we impose curfews all the time. And people that are out on bond and people that are on supervised release or probation, there's some reason relating to sentencing that it's done. And that may be implicit here. If that's okay, that's another question, that it's implicit. But a lifetime curfew is different from what one normally does to a convicted bank robber or drug dealer or something. And, Your Honor, I would agree that the cases that we rely upon don't deal with a lifetime supervised release for the sex offender, supervised release conditions. However, in this case, at least if that were to be reached either on the merits by this Court or to consideration on remand by the district court, we do believe that it's still not unreasonable given the defendant's background, given the characteristics of this offense, given his own admissions and the findings in the presentence report. Certainly, and again, this is discussed in both our brief and the other cases handling curfew conditions, that the probation officer can tailor that curfew to specific hours related to that offense. Those hours might be different in a drug conviction or a robbery conviction than in a sex offense conviction. But I know you said that in your brief. Maybe it could be a curfew during the daytime for an offense like this. But that's not typically what a curfew means, and that's not what the guidelines or the statutes that govern sentencing talk about when they're talking about a curfew. They're talking about nighttime curfews. So you're sort of making it up, making it up out of whole cloth, not finding any basis in statute or guideline, I don't think. Well, Your Honor, I think that the important point here is that it can't – it is something that can be tailored to the specific offense of conviction and by the probation officer. And depending on the defendant's progression, hopefully, as we all would hope, I think, throughout his – the course of his treatment and, you know, could be something that's modified, that is loosened. But it could be, but it gets back to Judge Graber's point as to how much discretion do we put in probation officers. And in these kinds of cases in particular, and the courts are beginning to talk about this more, a lot of these cases do have lifetime supervised release, unlike any other – almost any other crime. And so, maybe not as a matter of law, but as a matter of best practices, isn't it even more incumbent on the district court judge to tailor the conditions, explaining why the conditions apply to the particular defendant and how they rationally relate to sentencing? And even if he's on supervised release for life, maybe all of these conditions don't have to apply for life. And while it's true – it's a pretty long question, I know – while it's true that a probation officer can come back in five years or something, doesn't it make more sense for prosecutors and defense lawyers to focus the judge and the individual case on what's really appropriate and what's just – let's just impose every condition that we can think of or that the guidelines or sentencing commission have suggested might be appropriate in these kind of really awful cases? They are awful cases. And that's why we do it. But it seems to me that the burden ought to be on the district judge to think about it a little more and for prosecutors and defense lawyers to be – to come into the judge with a tailored set of proposals instead of just saying, do every – because the probation officer throws everything in to the pre-sentence report that is legally permissible. That doesn't mean it's right. And I'm taking her time, and I'm sorry, but I have literally found myself in the middle of a sentencing in cases like this, maybe not have – and maybe I shouldn't admit this publicly – reading the conditions from the pre-sentence report and saying, wait a minute, and calling the probation officer up and saying, do we really need this one? Well, you know, it would have been better had the defense lawyer or even the prosecutor said in advance, maybe we really don't need this one here. I'm sorry. That's not a question. I apologize. And over my time, may I respond to our – Yeah. Well, and I have one question to follow up, if I may, after you respond to that question. Thank you. And my response would be certainly – and I don't think I'll be able to address all of your question or your comment here, but at least with regard to the practicality of this, Your Honor, first of all, we need to look at this as these are conditions that are being imposed 10 years before this defendant is ever going to be on supervised release. And I think the court and the probation officer are doing the best that they can, given the circumstances at that time. It may be modified immediately when he gets out of prison, depending on how he does in prison. Certainly, I imagine at this moment he's receiving – maybe not this very moment, but while he's in prison, receiving some sort of treatment, some sort of therapy, some sort of, you know, classes, so that when he does emerge, I think it'll be about seven years from now, he is better equipped to handle these conditions than he was perhaps at the time of his sentencing. And certainly, we have cases in practicality where very soon after release from prison, the probation department applies to the court for modification or even removal of certain conditions. And, of course, that can happen. We have cases where a condition may be in place, but the probation officer works with the defendant and agrees to a modification of enforcing it, or is not going to enforce, you know, petty or de minimis violations of these conditions. And so in reality, we do have that relationship between probationers and probation officers. And the court, many times we see the probation officer applying for and the district court granting modifications of conditions, whether it be adding new ones because it's appropriate, or removing ones that were previously imposed because a defendant no longer needs them, or a probationer no longer needs them. So, yes, at sentencing, perhaps an ideal world, you know, to be able to see the future and know exactly when this individual is released from prison, to know exactly what they might need, you know, that would be ideal. But in reality, we have to kind of do the best we can at the time of sentencing. And it's a work in progress, and it's going to be modified, especially when we're talking about a lengthy prison sentence to start off with, and the lengthiest term of supervised release. I'm sorry. I think Judge Watford had one additional question. I was enjoying listening to your response. That was a nice dialogue the two of you had. But my question, just to come back to what I asked you earlier, so procedurally, what is it that you think we should do here? Procedurally, Your Honor, I do believe that to not remand to the district court would cause a circuit split with the Eleventh Circuit with regard to the Figueroa Sanchez case. And also, Your Honor, would remand would be appropriate because the district court really is in the best position to determine, as we've kind of been discussing, what is appropriate for each particular defendant given the circumstances of each case. Okay. But so, just so I'm clear, you don't think we should touch the merits of any of these conditions other than maybe saying because you concede that number 18 needs to be relooked at? That's correct, Your Honor. I mean, it is our position that Condition 12 has already been litigated in the context of the Rule 36 petition. However, again, should this court believe that it needs to be addressed, whether it's vague or whether it needs to be clarified in any regard, that should occur at the district court level. Thank you, counsel. Mr. Leonardo, you have a minute. Just briefly, I think the whole point to these conditions is that they really don't comply with due process because they don't give fair notice of what is prohibited and what kind of conduct Mr. Moderman, that will subject Mr. Moderman to future probate petitions to violate his supervised release. They're very subjective what constitutes appropriate appearance. Who knows what kind of relationship can he have or can't he have? It's not really clear. And the problem is there's not a lot of guidance. The relationship issue has been ruled upon, obviously, but there's not a lot of guidance with these other conditions. And it is completely subjective and up to the probation officer. So I just wanted to note that Mr. Moderman did ask for this to be construed as a 2255 petition. But that was after he read the government's response to his or the government's position on the certificate of appealability when the government was characterizing it as or construing it as his filing as a 2255 petition. And so he didn't realize. I don't think that demonstrates that he knew what he was doing or what a 2255 petition was or the consequences of that. And so he never presented all of his claims initially in this motion to correct clerical error. He was just saying basically that, hey, I found out that there are these conditions that have been imposed. I didn't hear that at sentencing, and so I wanted to correct the judgment. But I think it's only fair to follow the Castro procedures, and I think even though he suggested it be treated as a 2255, the whole point of the Castro decision and what Figueroa Sanchez is saying is that pro se petitioners don't really understand this and what they're doing, and so they need to be warned about that and be given an opportunity to fairly present all the arguments to the district court. That didn't happen here, and I think it would be fair to do that. Thank you, Counsel. The case just argued is submitted, and we appreciate the helpful comments from both of you.
judges: Friedman, Graber, Watford